UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SAMUEL LEE HORTON, III                                                                    PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 3:14CV713-TSL-RHW

WARDEN BONITA MOSLEY and
CASE MANAGER T. HARDY                                                              DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Samuel Lee Horton, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants Bonita Mosley and Tamara Hardy.  Doc. [1].  Horton is an inmate at FCC Yazoo City.  Defendant Mosley is the warden and Defendant Hardy is a case manager at FCC Yazoo City.  Horton indicated that his complaint is brought pursuant to 42 U.S.C. § 1983;  however, because Horton is suing employees of a federal correctional facility, his complaint is considered to fall under the provisions of *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials who have allegedly denied a plaintiff's constitutional rights, in their individual capacities.  *See Bivens*, 403 U.S. at 390-97; *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).

Horton alleges that Hardy deprived him of a liberty interest by entering false and misleading information on his request for transfer form.  Doc. [1] at 2.  He also alleges that Mosley abused and misused her power by denying his administrative remedies and by not intervening in his request for transfer and not correcting Hardy's alleged misconduct.  *Id.* Defendants filed a motion to dismiss or for summary judgment arguing that Horton failed to

exhaust administrative remedies and that Horton has failed to state a constitutional claim against the Defendants. Doc. [20] & [21].

## Law and Analysis

### Standard of Review

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented,

the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

### **Exhaustion of Administrative Remedies**

As a threshold jurisdictional matter, Defendants argue that Horton failed to exhaust administrative remedies.  As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  The exhaustion requirement applies to *Bivens* actions.  *Porter*, 534 U.S. at 524.  The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F. 3d at 866.  Non-exhaustion is an affirmative defense under the PLRA, with the burden of proof falling on the defendants.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  To exhaust administrative remedies, a prisoner must adhere to the institutional grievance policy.  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling.  *Days*, 322 F.3d at 866.

Defendants concede that Horton filed four administrative remedy requests related to the allegations in his complaint.  However, the summary-judgment evidence presented by Defendants demonstrates that Horton did not complete the administrative remedy process as to any of his requests.  *See* Doc. [21-1].  The Bureau of Prison's has a four step administrative

3

remedies process. 28 C.F.R. §§ 542.10-542.19; Doc. [21-1]. An inmate first submits a request for informal resolution through a BP-8 form. *Id.* at § 542.13(a). Second, the inmate must submit a formal written administrative remedy request to the Warden through a BP-9 form. *Id.* at § 542.14(a). Third, the inmate may appeal the Warden's response to the appropriate Regional Director by filing a BP-10 form. *Id.* at § 542.15(a). Fourth, the inmate may appeal the Regional Director's response to the Bureau of Prison's General Counsel. *Id.*

With respect to Remedy Nos. 735292 and 744927, Horton submitted an appeal to the Southeast Regional Director, but did not complete the appeals process. Doc. [21-1] at 3. Specifically, he did not appeal these remedies to the Bureau's Office of General Counsel as required by the fourth step in the administrative remedies process. *Id.* For Remedy No. 744914, Horton submitted a BP-9 form at the institutional level but he did not appeal the Warden's denial of his BP-9 form. *Id.* at 4. With respect to Remedy No. 744918, Horton did submit an appeal to the General Counsel's office but it was rejected as untimely and for not having been previously submitted to the Warden at the institutional level. *Id.* In response Horton argues that he tried to complete his remedies but that staff at the Yazoo FCC kept telling him to file a new remedy. Doc. [26] at 1. He further contends, without any supporting argument or evidence, that the administrative remedy process is inadequate and futile. *Id.* at 3. He admits that he filed multiple, repetitive grievances but contends that this was done at the instruction of prison staff. *Id.*

Horton's excuses notwithstanding, Defendants have demonstrated through summary-judgment evidence that Plaintiff failed to complete all of the steps required for exhaustion of administrative remedies. Horton more or less admits that he did not complete the four-step process with respect to each grievance but instead kept filing new grievances based on the

4

instructions of prison staff members. Horton's argument could be construed as an estoppel defense. However, regardless of whether prison staff instructed Horton to file new grievances, the fact remains that he neglected to complete the process for those grievances already submitted by him. As there does not appear to be any dispute regarding Horton's failure to exhaust administrative remedies, the undersigned recommends that his complaint be dismissed on this basis.

### Defendants' Interference with Prison Transfer Request

In the alternative, the undersigned recommends that Horton's complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a constitutional claim. When considering dismissal for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

With respect to Defendant Hardy, Horton alleges that she entered false and misleading information on his transfer form. Horton does not possess a constitutional right to confinement in a specific prison or institution, nor is he constitutionally entitled to a transfer to a facility of his choice. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000). Defendant Hardy's conduct with respect to Horton's request for transfer does not implicate a constitutionally protected liberty interest. *Yates*, 217 F.3d at 334. Therefore, Horton fails to state a constitutional claim against Hardy.

Horton's claims against Defendant Mosley are derivative of his claims against Defendant

Hardy. Essentially he alleges that Defendant Mosley did not properly supervise Defendant Hardy to prevent or correct her alleged misconduct. The fact that Mosley denied Horton's grievance does not state a constitutional claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)(holding that inmate does not have protected liberty interest in having grievance resolved to his satisfaction); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). To the extent that Horton alleges supervisory or vicarious liability against Mosley, this claim also lacks constitutional merit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)(holding that vicarious liability is inapplicable to *Bivens* actions); *Hernandez v. United States*, 757 F.3d 249, 280 (5th Cir. 2014). Any claims against Defendant Mosley in her individual capacity must be based on allegations of her own individual actions. *See Iqbal*, 556 U.S. at 676 (holding that plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Other than the fact that she denied his grievance, Horton does not allege any personal involvement by Defendant Mosley in the alleged constitutional deprivation.

### **Prison Litigation Reform Act (PLRA) Strike**

In addition to dismissal of Horton's complaint, Defendants request that the dismissal count as a strike pursuant to 28 U.S.C. § 1915. On April 26, 1996 the Prison Litigation Reform Act (PRLA), Pub. L. No. 104-134, 110 Stat. 1321 (1996) became law. The PLRA modifies the requirements for proceeding *in forma pauperis* in federal courts. Among other things, a prisoner's privilege to proceed *in forma pauperis* is revoked if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The Court

must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F. 3d 383, 386 (5th Cir. 1996) (counting as a "strike" a district court's dismissal, prior to enactment of the PRLA, of a frivolous § 1983 claim).

Certainly with respect to dismissing Horton's complaint for failure to state a claim, the dismissal should count as a strike. *See* 28 U.S.C. § 1915(g). The dismissal of Horton's complaint for failing to exhaust administrative remedies is a closer question. There is a circuit split on this issue. *See Ball v. Famiglio*, 726 F.3d 448, 456-60 (3d Cir. 2013). Defendants have not pointed to any Fifth Circuit precedent on this issue. Likewise, the undersigned has not uncovered any binding Fifth Circuit precedent on the issue. To the extent that the Court dismisses the complaint for failure to exhaust administrative remedies, the undersigned does not recommend counting the dismissal as a strike.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss and/or for summary judgment be GRANTED and that Plaintiff's complaint be dismissed. The undersigned further recommends that, to the extent the Court dismisses Plaintiff's complaint for failing to state a constitutional claim, Plaintiff should be assessed a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED, this the 28th day of May, 2015.

                                /s/ *Robert H. Walker*
                                ROBERT H. WALKER
                                UNITED STATES MAGISTRATE JUDGE