```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     NORTHERN DIVISION
```

SAMUEL LEE HORTON, III                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:14CV713TSL-RHW

WARDEN BONITA MOSLEY AND                                 DEFENDANTS
CASE MANAGER T. HARDY

                              ORDER

    This cause is before the court on the report and recommendation of Magistrate Judge Robert H. Walker entered on May 28, 2015, recommending that defendants' motion for summary judgment be granted.  Alternatively, it is recommended that defendants' motion to dismiss for failure to state a claim be granted.  Plaintiff Samuel Lee Horton, III failed to file an objection and the time for doing so has since expired.  Having reviewed the report and recommendation, the court concludes that the motions are well taken and hereby adopts, as its own opinion, the magistrate judge's report and recommendation.

    Based on the foregoing, it is ordered that the report and recommendation of United States Magistrate Judge Robert H. Walker entered on May 15, 2015, be, and the same is hereby, adopted as the finding of this court, such that defendants' motion for summary judgment on the issue of exhaustion is granted.[1]

---

[1] Horton has not demonstrated that he should be excused from his failure to exhaust.  Although in his opposition to defendants' motion for summary judgment, he did maintain that prison officials

Alternatively, the court grants defendants' motion to dismiss for failure to state a claim upon which relief may be granted.[2]

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 25th day of June, 2015.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

advised him to file multiple grievances over the same issue, he did not further contend that he was unaware of the deadlines and other pertinent requirements of the BOP's Administrative Remedy Program. On this point, a declaration offered in support of defendants' motion recites that Horton had been made aware of and had access to Program Statement § 1330.17 which sets forth the rules and procedures regarding the administrative procedure process. Cf. Huff v. Neal, 555 Fed. Appx. 289, 295-96 (5th Cir. Jan. 27, 2014) (rejecting plaintiff's argument that exhaustion should be excused because prison official allegedly advised him to delay in filing his administrative grievance where plaintiff had knowledge of applicable procedures and deadlines).

[2] To the extent that Horton's response to defendants' motion can be viewed as a motion to amend his complaint to add a claim of retaliation, it is denied as futile. The court is not persuaded that he has "allege[d] a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995) (internal citations and quotations omitted).